UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EMILIO ANTONIO RODRIGUEZ MARTINEZ,                    Civil Action No.

                Plaintiff,

  -against-

PERFECTION TILE & MARBLE INC. and
ROBERTO COTTONE,

                Defendants.
-----------------------------------------------------------------------X

## COMPLAINT

Plaintiff, EMILIO ANTONIO RODRIGUEZ MARTINEZ ("Plaintiff"), as and for his Complaint against Defendants, PERFECTION TILE & MARBLE INC. ("Perfection Tile") and ROBERTO COTTONE ("Cottone") ("Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to their employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff is an adult male currently residing in the State of New York.

6. Plaintiff is a former employee of Defendants.

7. Defendant Perfection Tile is a domestic business corporation duly organized and existing under the laws of the State of New York.

8. Perfection Tile maintains a place of business located at 330 Melville Road, Farmingdale, New York.

9. Upon information and belief, at all relevant times, Perfection Tile maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

10. Upon information and belief, Defendant Cottone is a resident of the State of New York.

11. Cottone is the Chief Executive Officer of Perfection Tile.

12. Upon information and belief, at all relevant times, Cottone was and continues to be an owner, corporate officer, director, and/or managing agent of Perfection Tile.

13. Upon information and belief, at all relevant times, Cottone exercised operational control over Perfection Tile, controlled significant business functions of Perfection Tile, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Perfection Tile in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

14. Upon information and belief, at all relevant times, Cottone participated in running the daily operations of Perfection Tile and its tile and marble business.

15. Upon information and belief, at all relevant times, Cottone participated in the management and supervision of Plaintiff and his work for Perfection Tile.

16. As such, Defendants Perfection Tile and Cottone are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

17. Perfection Tile owns and operates a tile and marble company located at 330 Melville Road, Farmingdale, New York.

18. Plaintiff was employed as a laborer for the benefit of and at the direction of Defendants.

19. Plaintiff was employed by Defendants from on or about June 2020 to on or about October 19, 2022.

20. During his employment, Plaintiff was not required to punch in or out, sign in or out, log in or out, or otherwise record the time that he worked each day and each week.

21. During his employment, Plaintiff generally worked six (6) days a week, Monday through Saturday.

22. During his employment, Plaintiff generally worked from 8:00 a.m. to about 6:00 p.m. each day and sometimes to as late as 7:00 p.m.

23. During his employment, Plaintiff was given and took a thirty (30) minute meal break each day.

24. During his employment, Plaintiff worked about 57 hours each week.

25. During his employment, Defendants paid Plaintiff a daily rate of pay.

26. During his employment, Defendants failed to pay Plaintiff time-and-one-half his regular rate of pay for all hours that he worked in excess of 40 each week.

27. During his employment, Defendants failed to pay Plaintiff overtime compensation for all hours that he worked in excess of 40 each week.

28. During his employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

29. During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL section 195(1).

30. Cottone participated in the decision to hire Plaintiff.

31. Cottone participated in deciding the job duties that Plaintiff performed on a daily basis.

32. Cottone participated in the daily supervision of Plaintiff's job duties and responsibilities.

33. Cottone participated in setting Plaintiff's work schedule.

34. Cottone participated in deciding the hours that Plaintiff worked each week.

35. Cottone participated in deciding the manner in which Plaintiff was paid.

36. Cottone participated in deciding the compensation Plaintiff was paid.

37. Cottone participated in running the day-to-day operations of Defendant Perfection Tile during Plaintiff's employment.

38. Defendants managed Plaintiff's employment, including the amount of time worked and the rates that he was paid.

39. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

40. Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay him the proper wages to which he was entitled under the law.

41. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

42. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

43. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

44. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Perfection Tile is an enterprise engaged in commerce or in the production of goods for commerce.

45. At all times relevant to this Complaint, Defendant Perfection Tile had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled materials and equipment that originated outside of the State of New York.

46. Upon information and belief, the gross annual volume of sales made or business done by Defendant Perfection Tile for the years 2020, 2021 and 2022 was not less than $500,000.00.

47. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

48. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

49. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

50. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

51. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant periods of his employment.

52. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

53. Defendants did not act in good faith with respect to the conduct alleged herein.

54. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6 AND 19
### FAILURE TO COMPENSATE FOR OVERTIME

55. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

56. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

57. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

58. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

59. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

60. Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

61. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

62. Defendants did not act in good faith with respect to the conduct alleged herein.

63. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

64. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

66. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

67. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

68. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

69. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include,

8

among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

70. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

71. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices;

4. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
February 6, 2023

Justin M. Reilly, Esq.
The NHG Law Group, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
justin@nhglaw.com